I ¡.GAIDRY, J.
Defendant/appellant has filed this application for rehearing seeking reinstatement of the instant appeal, which was dismissed pursuant to a notice of abandonment (NOA) under Rule 2-8.6 of the Uniform Rules of the Louisiana Courts of Appeal. For the reasons expressed below, we reinstate the appeal.
Rhonda Hehn filed a petition for a protective order under La. R.S. 46:2131 alleging that her husband, Mikel S. Hehn, shoved, stalked and threatened her. There is no pending divorce action. After a hearing, the trial court signed a protec *840 tive order in favor of Mrs. Hehn. Mr. Hehn appealed.
On July 14, 2003, the appellate record was lodged with this court, and the clerk’s office issued a “notice of lodging” stating that appellant’s brief was due on or before August 8, 2003. Appellant failed to file his brief by that deadline. Accordingly, on August 15, 2003, we issued a “notice of abandonment” (NOA), notifying appellant that his appeal would be dismissed if a brief was not filed on or before September 14, 2003. (Because that date fell on a Sunday, appellant actually had until the following day, September 15, 2003, to timely file his brief.) On September 15, 2003, appellant mailed his brief to this court. The brief was not filed, however, but rather was returned to appellant as noncompli-ant due to its violation of Rule 2-12.2(2) of the Uniform Rules of the Louisiana Courts of Appeal (incorrect font, font or type size, or spacing). Consequently, on September 19, 2003, this court issued an “order of dismissal,” notifying the parties that this appeal was being dismissed for appellant’s failure to file his brief within thirty days after mailing of the NOA, as Rule 2-8.6 requires “shall” be done.
|dAs noted, appellant has filed this timely application for rehearing seeking reinstatement of his appeal. Specifically, his attorney argues that she attempted to file the brief by the NOA deadline, but it was returned unfiled as the font or type was incorrect; she corrected the brief to comply with Rule 2-12.2(2) and resubmitted it by mail on September 19, 2003, but it was returned unfiled as it was submitted after the NOA deadline. Appellant’s attorney explains that she was on medical leave and was unable to meet the first briefing deadline; that she attempted in good faith to meet the NOA deadline, but this was the first brief she had prepared since the new rules on size type became applicable and she was unaware that a particular size type and font were now required; and she noted that in all other respects the brief was in compliance with the court rules. Accordingly, she now requests on behalf of her client that the application for rehearing be granted and the appeal be reinstated.
In summary, the appellant initially attempted to file a timely but noncompliant brief; thereafter, the appellant attempted to file an untimely but compliant brief. Such actions clearly demonstrate appellant had no intent to abandon the appeal. Reading the language of Rules 2-8.6, 2-12.12, and 2-12.13 together, and harmonizing them in light of the discretionary nature of the sanctions authorized by the latter two rules, we conclude that the usual sanction of dismissal under Rule 2-8.6 is not mandated here. Appeals are favored in the law, and the appellate courts should be indulgent in maintaining appeals that are deficient in purely technical respects. We emphasize, however, that compliance with promulgated rules of court and uniformity in application of such rules are also favored precepts of our law. Our decision herein should not be interpreted as a deviation from our usual | ¿policy of enforcement of Rule 2-8.6, but rather as a unique exception to the rule.
Accordingly, pursuant to our discretionary authority under La. C.C.P. art. 2164, given the peculiar facts of this case, we grant the application for rehearing and order appellant’s appeal reinstated.
APPLICATION FOR REHEARING GRANTED; APPEAL REINSTATED.
GUIDRY, J., concurs and assigns reasons.
PARRO, J., concurs for the reasons assigned by Judge GUIDRY.